IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

William M. Abrams, et al.,                       :
                                                 :    Case Number: 1:07-CV-181
                    Plaintiffs,                  :
                                                 :    Chief Judge Susan J. Dlott
          v.                                     :
                                                 :    ORDER DENYING MOTION FOR
United Steel Workers of America,                 :    RECONSIDERATION AND GRANTING
AFL-CIO-CLC, et al.,                             :    MOTION FOR CERTIFICATION OF
                                                 :    INTERLOCUTORY APPEAL
                    Defendants.                  :

          This matter is before the Court for consideration of Defendants' Motion for

Reconsideration or, Alternatively, for Interlocutory Appeal Certification. (Doc. 47.) Defendants

seek a reconsideration of the conclusions reached by this Court in its Order of February 27, 2009

which granted in part and denied in part Defendants' Motion to Dismiss and for Summary

Judgment Addressing the Six-Month Limitations Period. (Doc. 45.) In the alternative,

Defendants ask the Court to certify for interlocutory appeal the question involving the

application of the six-month limitations period to Plaintiffs' claims.

          The Court has carefully reviewed Defendants' motion and the authorities cited therein.

As noted in *GenCorp, Inc. v. American Int'l Underwriters,* 178 F.3d 804 (6th Cir. 1999),

motions for reconsideration are granted only in four limited circumstances: (1) to accommodate

an intervening change in controlling law; (2) to account for newly discovered evidence; (3) to

correct a clear error of law; or (4) to prevent manifest injustice. *Id*. at 834. In this case, there is

no intervening change in controlling law. Defendants have submitted no new evidence. The

Court is not aware of any need to correct a clear error or to prevent manifest injustice. Rather,

Defendants have merely reargued the issues upon which they were not successful before this

Court. The Court will not grant a motion for reconsideration in these circumstances.

Defendants' motion for interlocutory appeal certification, on the other hand, is based on plausible grounds. A district judge may apply for an appeal of an order that is not otherwise immediately appealable when the judge is "of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b).

The Court denied Defendants' motion for summary judgment in part because it disagreed with Defendants' interpretation of Sixth Circuit law as set forth in *Garrish v. UAW*, 417 F.3d 590 (6th Cir. 2005). The Court's disagreement with a party's legal argument–even when that disagreement results in the denial of a motion–does not in itself give rise to grounds for an interlocutory appeal.

However, two factors present in this case lead the Court to conclude that it may warrant an interlocutory appeal, which is to be "granted sparingly and only in exceptional cases." *In re City of Memphis*, 293 F.3d 345, 350 (6th Cir. 2002). First, if Defendants' reading of *Garrish* is correct, the lawsuit would have to be dismissed as to at least some, if not all, of the Plaintiffs. Thus, resolution of this legal question—whether exposure to or knowledge of mere allegations of misconduct begins the § 10(b) six-month limitations period—will materially affect the outcome of the case. If a legal issue could materially affect the outcome of the case, it is deemed "controlling" for the purposes of an interlocutory appeal. *In re City of Memphis*, 293 F.3d 345, 351 (6th Cir. 2002).

Second, this is not a suit that will be tried and disposed of on its merits in a few days. To

the contrary, the time and resources required to litigate this case, which involves 123 Plaintiffs, will be substantial.  Thus, an interlocutory appeal "*may* avoid protracted and expensive litigation," which was Congress' intention in enacting § 1292(b).  *Kraus v. Bd. of County Rd. Comm'rs for Kent County*, 346 F.2d 919, 922 (6th Cir. 1966 (quoting *Milbert v. Bison Labs.*, 260 F.2d 431, 433 (3d Cir. 1958)) (emphasis added)).

For these reasons, Defendants' Motion for Reconsideration or, Alternatively, for Interlocutory Appeal Certification (doc. 47) is DENIED as to reconsideration and GRANTED as to interlocutory appeal certification.  The Court hereby amends its February 27, 2009 Order Granting in Part and Denying in Part Defendants' Motion for Summary Judgment (doc. 45) so as to certify it for appeal, namely, to state that it involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation.

However, the application for an appeal shall not stay the proceedings in this Court.  The potential harm to Plaintiffs in further delaying resolution of this breach of duty of fair representation case outweighs any benefit that may be gained by awaiting the Sixth Circuit's decision.  The allegations of the complaint begin with acts occurring in 2005, and the passing of time may cause memories to fade.  It is therefore in the interests of justice and expeditious termination of litigation that discovery and other proceedings in this case continue.

IT IS SO ORDERED.


_____s/Susan J. Dlott_____
Chief Judge Susan J. Dlott
United States District Court